# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

---

Ecolab Inc.,

              Plaintiff,

      v.

Kris Jongejeugd and
Affordable Pest Technicians, LLC,

              Defendants.

Civil File No. 15-4086

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

---

Plaintiff Ecolab Inc. ("Ecolab") for its Complaint against Defendants Kris Jongejeugd ("Jongejeugd") and Affordable Pest Technicians, LLC ("Affordable Pest") alleges and states as follows:

## THE PARTIES

1.     Ecolab is a Delaware corporation with its principal place of business in St. Paul, Minnesota. Ecolab is an international corporation providing water, hygiene and energy technologies and services to the food, energy, healthcare, industrial and hospitality markets.

2.     On information and belief, Jongejeugd is a resident of Sioux Falls, South Dakota.

3.     Affordable Pest is a pest control company in Sioux Falls, South Dakota, that, upon information and belief, employs Jongejeugd and/or has Jongejeugd as a member. On information and belief, Jongejeugd started Affordable Pest on or around June 9, 2014.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this matter involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  Additionally, this Court has personal jurisdiction over Defendants because they reside in this District and have committed acts and/or transacted business related to this case in this District.

## JONGEJEUGD'S EMPLOYMENT WITH ECOLAB

6.     Jongejeugd is a former employee of Ecolab. Ecolab hired Jongejeugd in August 2004, as a Service Specialist in Ecolab's Pest Elimination Division.

7.     Upon starting as an Ecolab employee, Jongejeugd signed an Employment Agreement. A true and correct copy of the Employment Agreement is attached as **Exhibit A**.

8.     In the Employment Agreement, Jongejeugd agreed not to "at any time, both during and after his employment by the Company, communicate or disclose to any person, firm or corporation, or use for his benefit or for the benefit of any other person, firm or corporation, directly or indirectly, any of the Company's CONFIDENTIAL INFORMATION acquired by the Employee while employed by the Company."

9.     The Employment Agreement defines CONFIDENTIAL INFORMATION as:

> "information and trade secrets not generally known about the Company's business such as, but not limited to, credit information on the Company's customers, customer route

books, cards or lists containing the names, addresses, buying habits and business locations of past, present and prospective customers, sales reports, service reports, price lists, product formulae and methods and procedures relating to services."

10.     In the Employment Agreement, Jongejeugd also agreed not to solicit or do business with certain Ecolab customers for a period of one year after his employment ended:

> "During employment with the Company and for a period of one (1) year immediately following the termination of his employment with the Company, the Employee will not service, sell, solicit the sale of, or accept orders for any COMPETING PRODUCTS or COMPETING SERVICES to any customer of the Company with whom the Employee did business or attempted to do business, or whose accounts was supervised by or assigned to the Employee or with regard to which the Employee received commissions or other compensation, at any time during the twelve (12) month period immediately preceding the termination of his employment."

11.     On or around August 1, 2007 Jongejeugd was promoted to a Senior Service Specialist. He was working in that position in the Pest Elimination Division in Sioux Falls, South Dakota area in the period of time before he left Ecolab.

12.     As a Senior Service Specialist, Jongejeugd's responsibilities included, among other things, increasing service and sales of pest prevention and elimination solutions, establishing effective working relationships with Ecolab customers, and keeping apprised of Ecolab's products and services, as well as industry conditions, to enhance customer service.

13.     During his time at Ecolab, Jongejeugd had access to Ecolab's confidential information, including, but not limited to, customer route books; customer lists containing names, addresses, and buying habits; customer order history; price lists; customer forms; and methods and procedures relating to services.

3

## JONGEJEUGD'S DEPARTURE FROM ECOLAB AND FORMATION OF AFFORDABLE PEST TECHNICIANS

14.     On or around August 15, 2014, Jongejeugd voluntarily left his position at Ecolab. He provided no reason for his resignation.

15.     Upon Jongejeugd's departure, upon information and belief, he took with him customer and pricing lists, customer order histories, customer forms, and other confidential information regarding methods and procedures related to services.

16.     Jongejeugd also informed Ecolab that he no longer had his route book and, therefore, could not return it. Jongejeugd's route book contained information specific to individual customers. Having such confidential information would enable him to more easily replicate the services he provided to individual customers.

17.     Jongejeugd did not inform Ecolab he intended to form a competing business. Upon information and belief, however, on or around June 9, 2014, Jongejeugd formed Affordable Pest, a pest control company performing the same services in the same area where Jongejeugd previously had worked on behalf of Ecolab.

## ECOLAB HAS SUFFERED AND WILL CONTINUE TO SUFFER DAMAGES AND IRREPARABLE HARM

18.     Upon information and belief, following Jongejeugd's departure, Jongejeugd and Affordable Pest used Ecolab's confidential information and trade secrets to usurp the business of Ecolab's customers.

19.     Upon information and belief, Jongejeugd has exploited and wrongfully capitalized on the use of significant confidential and proprietary information that has been developed and maintained on the basis of Ecolab's goodwill.

4

20.     Upon information and belief, Jongejeugd's and Affordable Pest's ability to successfully solicit existing Ecolab customers is contingent on Jongejeugd's intimate knowledge of the confidential and proprietary information to which Jongejeugd gained access by his employment with Ecolab.

21.     Upon information and belief, Jongejeugd wrongfully took possession of sensitive and proprietary pricing information and operational information that is key to Ecolab's participation in the market for pest elimination services.

22.     On information and belief, Jongejeugd's wrongful possession of this pricing and operational information has resulted in Defendants usurping Ecolab's existing customers.

23.     Prior to Jongejeugd's departure, in the area previously served by Jongejeugd, Ecolab had experienced approximately a 95-100% retention rate for customers.

24.     Ecolab has received an abnormally large number of cancellations in the region previously covered by Jongejeugd since his departure in August 2014. Ecolab has lost approximately 25 customers since Jongejeugd resigned from Ecolab in August 2014. As an example, the list of customers Ecolab has lost includes, but is not limited to, Avera Heart Health, Trail Ridge Retirement, Pizza Ranch, and Westward Ho Golf.

25.     Because of Jongejeugd's wrongful misappropriation and possession of Ecolab's confidential data, Ecolab has no means to assure that its pricing and operational information is secure from any of its competitors, including Jongejeugd and Affordable Pest, and possibly other competitors.

26.     Jongejeugd's wrongful misappropriation and continued possession of pricing and operational information has caused and will continue to cause irreparable harm to Ecolab's ability to operate in the pest elimination market in the Sioux Falls, South Dakota region.

## COUNT ONE: VIOLATION OF UNIFORM TRADE SECRETS ACT

27.     Ecolab repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

28.     South Dakota Codified Laws § 37-29-2(a) provides that "[a]ctual or threatened misappropriation [of trade secrets] may be enjoined."

29.     Information taken from Ecolab by Jongejeugd, including, but not limited to, customer route books; customer lists containing names, addresses, and buying habits; customer order history; price lists; and methods and procedures relating to services, constitutes a trade secret under South Dakota Codified Laws § 37-29-1(4)(i) because it derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

30.     Ecolab made reasonable efforts under the circumstances to maintain the secrecy of the information taken by Jongejeugd.

31.     Jongejeugd and Affordable Pest misappropriated Ecolab's trade secrets by using improper means to acquire the information without the express or implied consent of Ecolab.

32.     Under the circumstances, Jongejeugd had a duty to maintain the secrecy of the information he retained by virtue of his employment with Ecolab.

33.     Jongejeugd's misappropriation of Ecolab's trade secrets has caused, and will continue to cause, damage and irreparable harm to Ecolab.

### COUNT TWO: BREACH OF EMPLOYMENT AGREEMENT

34.     Ecolab repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

35.     The Employment Agreement between Ecolab and Jongejeugd is a valid, binding, and enforceable contract under South Dakota law.

36.     As set forth previously, Jongejeugd has breached his confidentiality obligations under the Employment Agreement by using Ecolab's confidential information, including, but not limited to, customer route books; customer lists containing names, addresses, and buying habits; customer order history; price lists; and methods and procedures relating to services.

37.     Jongejeugd also breached his non-competition and non-solicitation obligations under the Employment Agreement by approaching Ecolab's current customers and offering and providing services to Ecolab's current customers with whom Jongejeugd did business and whose accounts were supervised by or assigned to Jongejeugd within the twelve months preceding the termination of his employment.

38.     As a direct and proximate result of Jongejeugd's breach of his Employment Agreement, Ecolab has suffered and will continue to suffer irreparable harm.

39.     As a direct and proximate result of Jongejeugd's breach of the Employment Agreement, Ecolab also has suffered and will continue to suffer damages, the exact amount of which will be determined at trial.

## <u>COUNT THREE: BREACH OF DUTY OF LOYALTY AND VIOLATION OF</u><br><u>S.D.C.L. §§ 60-2-10 AND 60-2-13</u>

40.     Ecolab repeats, re-alleges, and incorporates herein all of the preceding

paragraphs, with the same force and effect as if each were fully set forth herein

41.     South Dakota Codified Laws § 60-2-10 provides:

Anything that an employee acquires by virtue of employment, lawfully or unlawfully, during or after the term of employment belongs to the employer, excepting any compensation due the employee.

42.     South Dakota Codified Laws § 60-2-13 provides:

An employee who has any business to transact on the employee's own account, similar to that entrusted to the employee by the employer, shall always give the employer the preference.

43.     Upon information and belief, Jongejeugd wrongfully used information

acquired by virtue of his employment with Ecolab and solicited Ecolab's customers during

his employment with Ecolab without the consent of Ecolab.

44.     Jongejeugd's use of Ecolab's information and solicitation of Ecolab's

customers during his employment constitutes a breach of loyalty under South Dakota

Codified Laws §§ 60-2-10 and 60-2-13.

45.     As a direct and proximate result of Jongejeugd's breach of his duty of loyalty,

Ecolab has suffered and will continue to suffer irreparable harm.

46.     As a direct and proximate result of Jongejeugd's breach of his duty of loyalty,

Ecolab also has suffered and will continue to suffer damages, the exact amount of which will

be determined at trial.

## COUNT FOUR: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

47.     Ecolab repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

48.     Ecolab had a valid business relationship or expectancy with the customers Jongejeugd wrongfully solicited.

49.     Jongejeugd had intimate knowledge of Ecolab's relationship with its customers.

50.     Jongejeugd and Affordable Pest committed an independently tortious or otherwise unlawful act of interference by misappropriating trade secrets and breaching the Employment Agreement.

51.     Jongejeugd's and Affordable Pest's interference with Ecolab's business relationships has caused and will continue to inflict harm on Ecolab.

## COUNT FIVE: UNJUST ENRICHMENT

52.     Ecolab repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

53.     Jongejeugd and Affordable Pest have been enriched by their unlawful conduct.

54.     Ecolab has been damaged by Jongejeugd's and Affordable Pest's conduct.

55.     Jongejeugd's and Affordable Pest's enrichment, resulting in economic injury to Ecolab, was a result of Jongejeugd's and Affordable Pest's wrongful conduct.

## COUNT SIX: UNFAIR COMPETITION

56.     Ecolab repeats, re-alleges, and incorporates herein all of the preceding paragraphs, with the same force and effect as if each were fully set forth herein.

57.     Defendants' conduct and actions, as described herein, constitute unfair competition in violation of South Dakota common law, and were willful, wanton, and malicious.

58.     As a direct and proximate result of Defendants' unfair competition, Ecolab has suffered and will continue to suffer irreparable harm.

59.     As a direct and proximate result of Defendants' unfair competition, Ecolab also has suffered and will continue to suffer damages, the exact amount of which will be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ecolab demands judgment and relief against Jongejeugd and Affordable Pest as follows:

1.     Temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendants Kris Jongejeugd and Affordable Pest Technicians and any person or entity acting in concert with or on behalf of them:

   a.     from soliciting current customers of Ecolab using confidential information or trade secrets obtained through Jongejeugd's employment with Ecolab;

   b.     from using, disclosing, or transmitting for any purpose any confidential information or trade secrets that Jongejeugd obtained during his employment with Ecolab;

   c.     to return Ecolab all originals or copies of records, documents, or materials – in physical form, electronic form, or otherwise.

2.     Money damages, including pre- and post-judgment interest, in excess of $75,000, in an amount to be proven at trial.

3.      Attorneys' fees as provided in South Dakota Codified Laws § 37-29-4.

4.      Costs, expenses, and attorneys' fees as otherwise allowed by law.

5.      Any other appropriate relief that this court deems just and equitable.

## JURY DEMAND

Ecolab demands a trial by jury in this matter with the maximum number of jurors permitted by law.

Dated this 19th day of June, 2015.

                                                  /s/ Stephen C. Landon
                                         Stephen C. Landon
                                         Cadwell, Sanford, Deibert & Garry LLP
                                         200 E. 10th Street
                                         Suite 200
                                         Sioux Falls, SD 57101
                                         Phone:  605.336.0828
                                         Facsimile:  605.336.6036

                              ATTORNEY FOR PLAINTIFF ECOLAB, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the Amended Complaint Jury Trial Demanded with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel:

Jon C. Sogn jsogn@lynnjackson.com
Lynn, Jackson, Shultz & Lebrun
P.O. Box 2700
Sioux Falls, SD 57101-2700
**Attorneys for Defendants**

Dated at Sioux Falls, South Dakota, this 19th day of June, 2015.

                                           /s/Stephen C. Landon
                                         Stephen C. Landon